**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

STEPHEN MARK-HAROLD TEMPLE,

           Plaintiff,

vs.                                     Case No. 3:10-cv-1116-J-34MCR

JEFFERSON WOOD MORROW, et al.,

           Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Complaint (Doc. 1) and Affidavit of Indigency (Doc. 2), which the Court will treat as a motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. §1915(a)(1).

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." Id. §1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. See id.

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

The United States Supreme Court observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989).  However, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless.  See id. at 327.  Further, a complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

Upon review, the Court finds Plaintiff's Complaint to be deficient.  Though rather difficult to understand, it appears Plaintiff seeks relief against Jefferson Wood Morrow, Judge for the Circuit Court, for the Fourth Judicial Circuit in and for Duval County, Florida, his wife Susan S. Marrow, and Kevin J. Healy, State Prosecutor for the Circuit Court, for the Fourth Judicial Circuit, in and for Duval County Florida.  (Doc. 1, p. 3). Specifically, Plaintiff brings the following causes of action: "Arrested on False Pretenses, under color of law on March 12, 2010," "Fictional Entity is Title of Nobility," "Federal Reserve notes not backed by silver and gold," "Denial of Due Process," "Infliction of Peonage and Involuntary Servitude," "Florida Bar in Violation of Sherman Antitrust Act," and "Conspiracy, Overt Acts."  (Doc. 1, pp. 3-8).  As a remedy, Plaintiff

asks to be paid "in gold and silver coin as set forth in Article 1 Sec. 10 of the constitution." (Doc. 1, p. 9).

In reviewing plaintiff's complaint, the undersigned applies "the liberal construction to which pro se pleadings are entitled." Holsomback v. White, 133 F.3d 1382, 1386 (11th Cir. 1998). However, this liberal construction cannot serve as a substitute for establishing a cause of action. See GJR Investments, Inc. v. County of Escambia, Florida, 132 F.3d 1359, 1369 (11th Cir. 1998). An in forma pauperis complaint is considered frivolous if "the plaintiff's realistic chances of ultimate success are slight." Harris v. Menendez, 817 F.2d 737, 740 (11th Cir. 1987) (internal citations omitted). If the Court determines that the factual allegations are "clearly baseless" or the legal theories are "indisputably meritless," the complaint can be dismissed as frivolous. Neitzke, 490 U.S. at 327. Clearly baseless allegations include those which are "fanciful," "fantastic," or "delusional." Denton v. Hernandez, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733 (1992).

Upon thorough review of the Complaint, the Court finds Plaintiff's fanciful and delusional claims are factually baseless and legally frivolous.[2] Accordingly, it is respectfully

**RECOMMENDED**:

the District Judge dismiss this case without prejudice to Plaintiff filing a paid complaint.

---

[2]The Court notes that on September 10, 2010, Dolores C. Temple filed a similar frivolous complaint which was dismissed by Senior Judge Harvey E. Schlesinger. See Case No. 3:10-cv-00830-HES-MCR. Ms. Temple maintains the same mailing address as Plaintiff in the instant case.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  15th  day of December, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party