**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

STEPHEN MARK-HAROLD TEMPLE,

    Plaintiff,

vs.                                                                 Case No.   3:10-cv-1116-J-34MCR

JEFFERSON WOOD MORROW, et al.,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Magistrate Judge Monte C. Richardson's Report and Recommendation (Doc. No. 5; Report), entered on December 15, 2010, recommending that Plaintiff Stephen Mark-Harold Temple's Complaint for Money Damages for: Deprivation of Constitutional Rights, Conspiracy do [sic] Deprive Plaintiff of Constitutional Rights, and Failure to Protect Plaintiff from Conspiracy to Deprive Plaintiff of his Constitutional Rights (Doc. No. 1; Complaint) be dismissed without prejudice. See Report at 3. On December 29, 2010, Plaintiff filed a Reply to Motion by Magistrate, which the Court construes as objections to Judge Richardson's recommendation that the Complaint be dismissed (Doc. No. 6; Objections).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see

also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Upon de novo review, the Court will overrule the Objections and adopt the Magistrate Judge's Report in its entirety.[1]

Accordingly, it is hereby

**ORDERED**:

1. Magistrate Judge Monte C. Richardson's Report and Recommendation (Doc. No. 5) is **ADOPTED** as the opinion of the Court.

2. Plaintiff's Reply to Motion by Magistrate (Doc. No. 6) is **OVERRULED**.

---

[1] However, the Court updates the following citation from the Report: GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (eliminating the application of the heightened pleading requirement for cases involving defendants who may assert a qualified immunity defense). Additionally, the Court notes that although the Eleventh Circuit purportedly overruled portions of Harris v. Menendez, 817 F.2d 737, 740 (11th Cir. 1987) in Prather v. Norman, 901 F.2d 915, 918 (11th Cir. 1990), based on the Supreme Court's decision in Neitzke v. Williams, 490 U.S. 319 (1989), the Eleventh Circuit subsequently approved the proposition from the Harris opinion cited herein in Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990).

3. The Complaint for Money Damages for: Deprivation of Constitutional Rights, Conspiracy do [sic] Deprive Plaintiff of Constitutional Rights, and Failure to Protect Plaintiff from Conspiracy to Deprive Plaintiff of his Constitutional Rights (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of February, 2011.

MARCIA MORALES HOWARD
United States District Judge

lc15

Copies to:

Pro Se Plaintiff

The Honorable Monte C. Richardson,
    United States Magistrate Judge